UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

THE PREMISES AND REAL PROPERTY
WITH BUILDINGS, APPURTENANCES,
AND IMPROVEMENTS AT 4240 WOLF
RUN, LEWISTON, NEW YORK,[1]

                Defendant.

_____

          23-CV-27-LJV
          DECISION & ORDER

       On January 11, 2023, the United States commenced this action *in rem* under 21

U.S.C. § 881(a)(7) "for the forfeiture of the premises, buildings, appurtenances,

improvements, and real property located at 4240 Wolf Run, Lewiston, New York" ("4240

Wolf Run"), the defendant real property in this action.  Docket Item 1 at ¶ 1.  After no

one filed a timely claim asserting an interest in 4240 Wolf Run, the United States

obtained the clerk's entry of default against the property in April 2023, Docket Item 19,

and later that same month moved for a default judgment, Docket Item 20.

       On May 17, 2023, however, Toorak Capital Partners, LLC ("Toorak"), filed a

verified claim and answer asserting an interest in 4240 Wolf Run.  Docket Items 23 and

_____

     [1] The complaint further defines 4240 Wolf Run as "all that tract and parcel of
land, situate[d] in the Town of Lewiston, County of Niagara and State of New York,
being part of Lot 12 Mile Reserve, known as and being Subdivision Lot No. 15 on Wolf
Run according to Map of French Landing Subdivision made by Niagara Boundary and
Mapping Services on August 24, 2015[,] and filed in the Niagara County Clerk's Office
on February 9, 2016[,] as Instrument No. M2016-00002, Slide 560-A."  Docket Item 1 at
1 (some capitalization omitted); *see also* Docket Item 1-1 at 3 (same description in
warranty deed).

25.  Toorak also responded to the United States' motion for a default judgment, Docket

Item 26, and the United States replied, Docket Item 27.

On February 21, 2024, Toorak withdrew its claim, answer, and opposition to the

motion for a default judgment, all without prejudice to refiling.  Docket Item 29.  The

United States then filed a letter regarding Toorak's withdrawal of its claim, noting that

"[n]o other claims have been filed in this action" and asking this Court to address its

motion for a default judgment.  Docket Item 30.  The Court now considers—and for the

reasons below, grants—that motion.

## BACKGROUND[2]

4240 Wolf Run is located in Lewiston, New York, near the Canadian border.  *See*

Docket Item 1.  It was purchased on April 21, 2022, for $630,000 by Y&L Beauty Nail

Inc.  *Id.* at ¶ 24.  The property apparently includes a residence and a fenced-in yard with

a gate.  *See id.* at ¶¶  6-8.

In the early hours of September 21, 2022, United States Border Patrol officials

observed that a drone had been launched from the property's backyard.  *Id.* at ¶¶ 3-5.

According to those officials, the drone moved "across the [l]ower Niagara River into

---

[2] The following facts are taken from the complaint, Docket Item 1.  On a motion for a default judgment after entry of default, the court accepts as true the complaint's factual allegations except those relating to damages and "draw[s] all reasonable inferences in [the moving party's] favor."  *See Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6, 84 (2d Cir. 2009); *Burris v. Chen*, 2021 WL 2661129, at *4 (E.D.N.Y. June 29, 2021) ("[A] defaulting defendant admits all well-pleaded factual allegations apart from those relating to damages[.]").

Because the government seeks only a default judgment of forfeiture, *see* Docket Item 20—relief that is authorized under the statute, *see* 21 U.S.C. § 881(a)(7)—this Court need not address damages.

Ontario, Canada," and "made landing" in Niagara Falls, Canada, before reentering "U.S. [a]irspace." *Id.*  Next, the drone—now with "an attached package hanging from the chassis"—returned to the yard and landed "near an individual" who later was identified as the drone's pilot, Edvin Yug Deng.  *Id.* at ¶ 5.

Having observed the drone's international journey and return, law enforcement officers entered the property's backyard and ordered Deng and another individual "not to move." *Id.* at ¶ 6.  But both individuals "attempted to run" into the residence, so law enforcement followed them "in hot pursuit." *Id.* at ¶¶ 6-7.

The officers that entered 4240 Wolf Run observed that both the "exterior and interior of the residence" were "outfitted with numerous webcams" and that there were "numerous other drones around the residence." *Id.* at ¶ 8.  "Based on law enforcement's electronic surveillance methods," officers determined that "the drone was specifically directed to [4240 Wolf Run] and that the landing location was planned[]." *Id.* at ¶ 9.  In addition, "[l]aw enforcement later learned . . . that the drone was carrying a Schedule I controlled substance known as 3,4-Methylenedioxymethamphetamine hydrochloride ('MDMA'), also known as Ecstasy or Molly." *Id.*; *see also id.* at ¶¶ 11-12.

Later the same day, United States Magistrate Judge H. Kenneth Schroeder, Jr., signed a search warrant authorizing a search of the residence at 4240 Wolf Run.  *Id.* at ¶¶ 16-17.  When the warrant was executed, officers seized several items, including 2.99 kilograms of a substance later identified as MDMA; six drones; and $871.00.[3]  *Id.* at ¶ 18.

_____

[3] On the same day that the search warrant was signed and executed, Deng was charged with importing and possessing with the intent to distribute MDMA in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) and 21 U.S.C. §§ 952(a), 960(a)(1), and

On January 11, 2023, the United States commenced this action, seeking the forfeiture of 4240 Wolf Run.  Docket Item 1.  The United States later moved for a default judgment as described above.  Docket Item 20.

## LEGAL PRINCIPLES

### I.    *IN REM* FORFEITURE

"*In rem* forfeiture actions are governed by Rule G of the [Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules")] and the Civil Asset Forfeiture Reform Act of 2000."[4]  *United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. 2014) (italics added) (citation and footnote omitted); *see also* 18 U.S.C. § 981(b)(2) (providing for civil forfeiture actions in United States district courts "pursuant to the Supplemental Rules"); Supp. R. G(1) ("This rule governs a forfeiture action *in rem* arising from a federal statute." (italics added)).  Under Supplemental Rule G, the government initiates a civil forfeiture action *in rem* by "fil[ing] a verified complaint setting forth allegations concerning the property and the factual and statutory basis for its seizure."  *United States v. $27,601.00 U.S. Currency*, 800 F. Supp. 2d 465, 467 (W.D.N.Y. 2011) (citing Supp. R. G(2)).  "The [g]overnment must . . . provide notice of the action to anyone who reasonably appears to be a potential claimant," *id.* (citing

---

960(b)(3).  Docket Item 1 at ¶ 23; *see United States v. Deng*, Case No. 23-cr-15, Docket Item 1 (Sept. 21, 2022).

[4] Supplemental Rule G provides that "[t]o the extent that [it] does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply."  Supp. R. G(1).

Supp. R. G(4)), and that notice must include the deadlines for potential claimants to "file a claim and . . . answer," Supp. R. G(4)(a)(ii)(B).

When the government brings a forfeiture action, "[a]ny 'person who asserts an interest' in the property that is the subject of [that] . . . action 'may contest the forfeiture by filing a claim in the court where the action is pending.'" *United States v. Conolly*, 694 F. App'x 10, 13 (2d Cir. 2017) (summary order) (quoting Supp. R. G(5)(a)(i)). Claimants must follow Supplement Rule G's procedural requirements, which include filing both a claim and an answer by the deadline imposed. *See* Supp. R. G(5). Further, "to contest a governmental forfeiture action, [a] claimant[] must have both standing under the statute or statutes governing the[] claims and standing under Article III of the Constitution as required for any action brought in federal court."[5] *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999).

## II. DEFAULT JUDGEMENT STANDARD

Federal Rule of Civil Procedure 55 "provides a two-step process for obtaining a default judgment." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). First, the plaintiff must secure the clerk's entry of default by demonstrating "by affidavit or otherwise" that the opposing party "has failed to plead or otherwise defend" the action. Fed. R. Civ. P. 55(a). Second, the plaintiff must "seek a judgment by default under Rule 55(b)." *Green*, 420 F.3d at 104. "If the plaintiff's claim is for a sum certain or a sum that

---

[5] "To establish Article III standing, a claimant must demonstrate a legally cognizable interest in the . . . property" subject to forfeiture. *United States v. 208 Burberry Handbags*, 2012 WL 5398676, at *4 (W.D.N.Y. Nov. 2, 2012) (citation and internal quotation marks omitted). "To establish statutory standing, a claimant must comply with the [procedural] requirements of 18 U.S.C. § 983(a)(4)(A) and Supplemental Rules G(5) and G(6)." *Id.*

can be made certain by computation," a default judgment may be obtained from the clerk; "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)-(2).

An entry of default does not mean that a default judgment is automatically warranted. *See Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam). A party that has defaulted "is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability," *Deep Foods Inc. v. Deep Foods Inc.*, 419 F. Supp. 3d 569, 576 (W.D.N.Y. 2019) (citation omitted), and the non-defaulting party is "entitled to all reasonable inferences from the evidence offered," *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). But the plaintiff seeking a default judgment "bears the burden of demonstrating that the unchallenged allegations and all reasonable inferences drawn from the evidence provided establish the defendant's liability on each asserted cause of action." *LG Cap. Funding, LLC v. Accelera Innovations, Inc.*, 2018 WL 5456670, at *4 (E.D.N.Y. Aug. 13, 2018).

If a plaintiff establishes the defendant's liability, courts then consider whether equitable factors favor the entry of a default judgment. *Deep Foods*, 419 F. Supp. 3d at 576-77. Those factors—which are the "same" ones that courts consider in deciding a "motion to set aside entry of default"—include "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to [the] plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for [a] default judgment." *Id.* (citations and internal quotation marks omitted).

6

"Ultimately, the decision whether to enter [a] default judgment is committed to the district court's discretion." *Id.* at 577 (alteration and internal quotation marks omitted) (quoting *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015)); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) ("The dispositions of motions for . . . default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties."). "In light of the Second Circuit's 'oft-stated preference for resolving disputes on the merits,' default judgments are 'generally disfavored.'" *LG Cap. Funding, LLC*, 2018 WL 5456670, at *4 (quoting *Enron*, 10 F.3d at 95-96); *see also Green*, 420 F.3d at 104 (noting that "a default judgment is the most severe sanction which the court may apply" (citation and internal quotation marks omitted)).

## DISCUSSION

As an initial matter, the Court finds that the United States has complied with the requisite procedural requirements of both Supplemental Rule G as well as Federal Rule of Civil Procedure 55.  More specifically, the United States filed a verified complaint, Docket Item 1, as required by Supplemental Rule G(2), and provided notice of the action by publication and by mail, Docket Items 3, 4, and 14, as required by Supplemental Rule G(4).[6]  Further, the United States obtained the clerk's entry of

---

[6] Supplemental Rule G(4)(a)(iv) requires that "if the property is in the United States," the government should publish notice in "a newspaper" or by "posting . . . on an official internet government forfeiture site for at least 30 consecutive days."  The United States posted notice of this forfeiture action on www.forfeiture.gov "for at least 30 consecutive days, beginning on January 18, 2023."  Docket Item 14 at 1; *see also id.* at 2 (copy of notice.  Supplemental Rule G(4)(b)(i) also requires "[t]he government [to]

default, Docket Item 19, as required by Federal Rule of Civil Procedure 55(a).  And

although a claim and answer were filed in this action by Toorak after the clerk's entry of

default, *see* Docket Items 23 and 25, Toorak since has withdrawn both the claim and

the answer as well as its opposition to the United States' motion for a default judgment,

Docket Item 29.

The Court therefore turns to the question of whether entry of a default judgment

is appropriate here.  As noted, the United States moved for forfeiture under 21 U.S.C.

§ 881(a)(7).  That statute provides that certain property is "subject to forfeiture to the

United States," namely,

> all real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

21 U.S.C. § 881(a)(7).  Here, the United States says that 4240 Wolf Run was "used[]. . .

to facilitate" the "trafficking" and "importation" of narcotics, in violation of 21 U.S.C.

§§ 841 and 846 and 21 U.S.C. §§ 952 and 960.  Docket Item 1 at ¶ 25.  Accepting as

true the verified complaint's factual allegations related to liability, Docket Item 1—as the

Court must on a motion for a default judgment, *see Deep Foods Inc.*, 419 F. Supp. 3d at

576—the Court finds that 4240 Wolf Run is subject to forfeiture under 21 U.S.C.

§ 881(a)(7).

---

send notice . . . to any person who reasonably appears to be a potential claimant on the facts known to the government."  The government mailed notice to Y&L Beauty Nail Inc., Docket Item 3, and Commercial Lender, LLC, Docket Item 4; *see also* Docket Item 1-3 (notice form).

The Court next considers whether equitable factors—that is, whether the default was "willful"; whether there are "meritorious defense[s]"; and to what degree the United States would be "prejudice[d]" by this Court's denial of its motion—weigh in favor of granting a default judgment. *Deep Foods*, 419 F. Supp. 3d at 576-77. First, the Court finds that the default was willful. As noted above, the United States provided both specific and general notice of this action as required by Supplemental Rule G, but no one—except for Toorak, whose claim is now withdrawn—filed a claim or otherwise responded to the verified complaint. *See United States v. $46,812.00 United States Currency*, 540 F. Supp. 3d 333, 336 (W.D.N.Y. 2021) (deeming default willful in forfeiture action in which government "demonstrated that all of the persons or entities known or thought to have an interest in or claim to the [d]efendant [c]urrency have been given due notice of the[] proceedings, and no response to [the government's] motion has been filed, nor has any verified claim or answer been filed").

Second, in the absence of any response, the Court cannot find that there are any meritorious defenses. *See id.* ("[W]he[n] a defendant fails to answer the complaint, a court is unable to make a determination whether the defendant has a meritorious defense to the plaintiff's claims, which circumstance weighs in favor of granting a default judgment." (quoting *Krevat v. Burgers to Go, Inc.*, 2014 WL 4638844, at *6 (E.D.N.Y. Sept. 16, 2014))). Indeed, the absence of any claims in this action means that no one has established statutory standing to challenge the forfeiture. *See United States v. $73,313.00 in U.S. Currency*, 2023 WL 1102601, at *3 (N.D.N.Y. Jan. 30, 2023) (granting United States' motion for a default judgment and order of forfeiture where only claimant subsequently withdrew claim and "[s]ince that withdrawal, no other person has

claimed an interest in [the d]efendant[ p]roperty" and further noting that "[g]iven that more than thirty days have passed since . . . the putative claimants were served and . . . the [n]otice of [f]orfeiture was published online, it also follows that the putative claimants lack statutory standing to claim a right to [the d]efendant[ p]roperty" (internal citations omitted)).

Third, even though the United States has not argued that this Court's failure to grant a default judgment would prejudice it, *see* Docket Item 20, such prejudice is apparent in light of the willful default, the absence of any meritorious defenses, and the delay that would result from the failure to enter judgment.  Therefore, the Court finds that a default judgment is appropriate here.  *See Loop Prod. v. Cap. Connections LLC*, 797 F. Supp. 2d 338, 348 (S.D.N.Y. 2011) ("[A] court may grant a motion for [a] default judgment even if the record does not strongly support a finding of prejudice, so long as the moving party establishes willful default and the absence of any meritorious defense.").

**<ins>CONCLUSION</ins>**

The United States' motion for the entry of a judgment by default and an order of forfeiture against 4240 Wolf Run, Docket Item 20, therefore is GRANTED.  Accordingly, 4240 Wolf Run is hereby forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7).  The Clerk of the Court shall close this case.


SO ORDERED.

Dated:   July 8, 2024
          Buffalo, New York


                                              _/s/ Lawrence J. Vilardo_____
                                              LAWRENCE J. VILARDO
                                              UNITED STATES DISTRICT JUDGE